

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Hal P. Rachal
Assistant County Attorney
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. 0-4395
Re: Bull Fights - Article 610,
V. A. P. C. and Article
4667, V. A. C. S.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"A group of local men are contemplating staging what is commonly referred to as a simulated bull fight. This is to be held in a large arena and admission is to be charged. No horses are used and no weapon calculated to inflict injury on man or beast is to be used. The beast is released in the arena and the matadors go through the usual scientific motions of an actual bull fight. The animal is not injured in any way and no "high-life" or other stimulant is used. This is an exhibition to show the people how an actual bull fight is conducted."

We have received the further information that the matador will have a wooden sword and does not propose to use it on the bull; that he has a red cape which he will wave in front of the bull; that the bull is an imported fighting Mexican bull bred for the bull rings of old Mexico.

Article 610, Vernon's Annotated Texas Penal Code, reads as follows:

"Any person who shall voluntarily engage in a pugilistic encounter between man and man, or a fight between a man and a bull, or any other animal, for money or other thing of value, or for any championship, or upon the result of which any money or anything of value is bet or wagered, or to see which

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

any admission fee is charged, either directly or in-
directly, shall be imprisoned in the penitentiary for
not less than two nor more than five years."

Article 4667, Vernon's Annotated Texas Civil Statutes,
reads in part as follows:

"The habitual use, actual, threatened or contem-
plated, of any premises, place or building or part
thereof, for any of the following uses shall be en-
joined at the suit of either the State or any citizen
thereof:

"4. For the voluntary engaging in a fight be-
tween a man and a bull for money or other thing of
value, or for any championship, or upon result of
which any money or anything of value is bet or wager-
ed, or to see which any admission fee is charged
either directly or indirectly, as prohibited by the
Penal Code.

"Any person who may use or be about to use, or
who may aid or abet another in the use of any such
premises for any purpose mentioned in this Article
may be made a party defendant in such suit. The At-
torney General or any District or County Attorney
may bring and prosecute all suits that either may
deem necessary to enjoin such uses, and need not
verify the petition; or any citizen of this State
may sue in his own name and shall not be required
to show that he is personally injured by the acts
complained of."

25 Corpus Juris, Page 1122, defines the term "fight"
as follows:

"Fight - as a noun - a battle; a combat; act
or method of fighting.

"As a verb - To attempt to defeat, subdue, or
destroy an enemy, either by blows or weapons; to
strike or contend for victory, in battle or in single
combat."

As stated in your letter the matador has no inten-
tion of injuring the bull and he intends his part of the fight
to be simulated and a sham fight.

Hon. Hal F. Rachal, Page 3

But what about the fighting bull bred for the bull rings of old Mexico? Will he know that when the matador waves the red cape before his eyes and brandishes his wooden sword that the fight is only a sham and a jest? We think not. Will the bull charge the matador as his ancestors charged matadors in the bull rings of old Mexico or will he docilely lie down, smell the flowers and go to sleep as Ferdinand the Bull might do? If the bull acted like Ferdinand the populace intent on a Roman Holiday would undoubtedly demand the refund of their admission money in disgust.

Suppose the matador is not as skillful as the bull and he is gored and injured by the bull? Would not that be a very sad and tragic affair?

Said Article 610, above quoted, is found in Title 11 of the Penal Code, which title is styled, "Offenses Against Public Policy and Economy." The Legislature of Texas undoubtedly considered fights or contests between a man and a bull against the public policy of this state when the article was enacted. The Legislature undoubtedly considered that it was wrong for the man to injure the bull, wrong for the bull to injure the man, and wrong for the public to see a spectacle where injury to either man or bull might occur.

It is therefore our opinion that the proposed contest between a man and a bull is a bull fight and would be in violation of Article 610 of the Penal Code of Texas.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF/po

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN